IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TYRONE LUCKETT, #N0540                                                              PETITIONER

VS.                                                         CIVIL ACTION NO. 3:07cv378-TSL-FKB

CHRISTOPHER EPPS, ET AL.                                                  RESPONDENTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition for Habeas Corpus relief, filed pursuant to 28 U.S.C. § 2254. For the reasons explained below, the undersigned recommends that the petition be dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

Petitioner Tyrone Luckett is currently serving a term of sixteen (16) years as a subsequent drug offender after being convicted of possession of more than one-tenth (0.1) of a gram but less than two (2) grams of cocaine in the Circuit Court of Madison County. (S.C.R. Vol. 1, p. 34.) In the judgment and sentencing order entered June 1, 2005, the trial court also ordered Luckett to pay certain court fees and costs upon his release. (S.C.R. Vol. 1, pp. 39-40.)

Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, citing the following grounds for relief, quoted as follows:

> 1. The evidence was insufficient to support a possession of cocaine conviction of more than one-tenth of a gram but less than two grams of cocaine.
>
> 2. The trial court's sentencing of Luckett was so harsh that it constitutes cruel and unusual punishment.
>
> 3. The evidence was insufficient to support a conviction of possession of cocaine where the evidence showed that the drugs were found in the parking lot of a drug infested area.
>
> 4. The trial court committed reversible error when it admitted cocaine into

evidence and did not require the state to prove chain of custody.

5. Luckett's trial counsel rendered ineffective assistance of counsel when he failed to file [sic] preserve the record so that Luckett could challenge the racial make-up of his jury on appeal.

The Mississippi Supreme Court affirmed Luckett's conviction and sentence in a *per curiam* decision issued on March 22, 2007. (State's Exhibit A.)

Luckett next pursued collateral relief when he filed an "Application for Leave to File Petition for Post-Conviction Relief" in the Circuit Court of Madison County, Mississippi. Petitioner set forth two bases of relief, quoted as follows:

1. Petitioner's conviction and sentence is unauthorized by the laws, constitution, and treaties of the United States;

2. Petitioner was subjected to ineffective assistance of counsel, due to counsel's failure to challenge or object to Petitioner not having been tried for the charge handed down by the grand jury. Thus, depriving Petitioner of a substantive due process right the law entitled him.

The Mississippi Supreme Court denied his petition, finding that he failed "to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5)." (State's Exhibit B.)

In the Petition pending before this Court, Luckett raises four grounds for relief, quoted as follows:

Ground One: The Mississippi Supreme Court erred in rejecting Petitioner's illegal sentence unauthorized by the laws, constitution, and treaties of the United States claim. Thus, denying Petitioner his constitutionally protected right to due process of law.

Ground Two: The Mississippi Supreme Court erred in rejecting petitioner's right to be tried by the charge handed down by the grand jury claim. Thus, depriving Petitioner of a substantive due process right that the law entitled him.

Ground Three: The Mississippi Supreme Court erred in rejecting petitioner's

insufficiency of evidence and/or chain of custody claim. Thus, denying Petitioner his constitutionally protected right to due process of law.

Ground Four: The Mississippi Supreme court erred in rejecting petitioner's ineffective assistance of counsel claim. Thus, denying Petitioner his constitutionally protected right to due process of law.

After explaining the applicable law governing this Court's review of habeas petitions, the Court will address these bases for relief, in turn.

## DISCUSSION

The law governing petitions for habeas corpus relief is set forth in 28 U.S.C. § 2254. Section 2254 provides, in relevant part, that:

> (b)(1)An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)  (i) there is an absence of available State corrective process; or
>      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable

> determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(b-d)(1996).

Under the standard set forth in § 2254(d)(1), this Court can "grant a writ of habeas corpus only if the state court's determination of law, on a de novo review, violated Supreme Court precedent in existence at the time of the petitioner's conviction." Muhleisen v. Ieyoub, 168 F.3d 840, 844 (5th Cir. 1999). Under the highly deferential framework of § 2254(d), to obtain relief the habeas petitioner must show that the state court decision was either "contrary to" federal law or an "unreasonable application" of it. DiLosa v. Cain, 279 F.3d 259, 262 (5th Cir. 2002). To be "contrary to" federal law, the state court must apply a rule that contradicts a rule set forth by the Supreme Court. See Williams v. Taylor, 529 U.S. 362, 405 (2000). The petitioner may also obtain relief by showing that the state court unreasonably applied federal law, which involves asking "whether the state court's interpretation of clearly established federal law was objectively unreasonable." Id. "To be unreasonable, the state court application of federal law must be something more than merely erroneous." DiLosa, 279 F.3d at 262 (citations omitted). "Our role under this inquiry is not to determine whether the state court's construction of federal law was merely wrong, but whether it was wrong to the point of being unreasonable." Id.

With regard to § 2254(d)(2), the Fifth Circuit has explained that "factual findings are presumed to be correct, see 28 U.S.C. § 2254(e)(1), and we will give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" Chambers v. Johnson, 218 F.3d 360, 363(5th Cir. 2000)(citing Williams, 120 S.Ct. at 1523).

### A. Ground One

In general, the State argues that none of the grounds presented entitle Luckett to habeas relief. Turning to this first ground for relief, the Petitioner argues that the Mississippi Supreme Court erred in rejecting his illegal sentence. A closer examination of his claim shows that, in essence, he alleges that he was sentenced to sixteen years' imprisonment under the incorrect statute and for the incorrect amount of drugs. He alleges that the trial court erred when it sentenced him under Miss. Code Ann. § 41-29-139(c)(1)(B), which provides that a person who possesses an illegal substance in the amount of "[o]ne-tenth (0.1) gram but less than two (2) grams" shall be sentenced to "imprisonment for not less than two (2) years nor more than eight (8) years and a fine of not more than Fifty Thousand Dollars ($50,000.00)." Luckett asserts that the amount of drugs in his case, 0.9 grams is less than the minimum (0.1 grams) required for sentencing under this portion of the statute, thus he was sentenced illegally.

The State responds that the Petitioner has failed to show that he was sentenced in violation of a constitutionally protected right, and, at worst, that a "mere error of state law" is not a denial of due process. Engle v. Isaac, 465 U.S. 107, 121 and n. 21 (1982). The State further argues that the quantity of drugs with which the Petitioner was charged, zero point nine (0.9) grams, falls within the drug quantity range anticipated by § 41-29-139(c)(1)(B), one of the statutes under which Luckett was charged and sentenced. Finally, the State points out that because the Petitioner was a subsequent offender pursuant to Miss. Code Ann. § 41-29-147[1], it was within the sentencing judge's discretion to sentence Luckett to up to twice the term

---

[1] Miss. Code Ann. § 41-29-147 provides, in relevant part, that "any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that other otherwise authorized, or both."

authorized by the statute. In Luckett's case, the trial judge sentenced him to sixteen years' imprisonment.

As set forth in Edwards v. Butler, 882 F.2d 160, 164 (5th Cir. 1989), the alleged violation of state rules, without more, is not a constitutional violation or a violation of federal law, and, thus not a cognizable ground for habeas corpus relief. The Court notes that "[a] state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Engle v. Isaac, 456 U.S. 107, 118 (1981). Federal courts have "long recognized that a 'mere error of state law' is not a denial of due process. If the contrary were true, then 'every erroneous decision by a state court on state law would come [to this Court] as a federal constitutional question.'" Id. at 121 n.21(citations omitted). This Court "will not review a state court's interpretation of its own law in a federal habeas corpus proceeding." Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991). Furthermore, federal courts do not sit as 'super' state supreme courts in these proceedings to review errors under state law. Id.

In this case, this ground does not provide a basis for habeas relief. The Petitioner alleges a violation of a matter of state law; that is, he alleges that the sentencing judge applied the wrong statute for sentencing based upon the quantity of cocaine with which he was charged. Petitioner, however, misapprehends a fundamental basis of his own argument. The amount of cocaine with which he was charged, nine-tenths of a gram or 0.9 grams, is **greater** than one-tenth of a gram or 0.1 grams, the minimum quantity for charging under § 41-29-139(c)(1)(B). Further, 0.9 grams is **less than** the maximum quantity of two (2) grams included in the statute. It follows, therefore, that the quantity of cocaine with which the Petitioner was charged falls squarely within the range

anticipated by § 41-29-139(c)(1)(B), and thus, the sentencing judge did not err when he sentenced him under the statute. Moreover, because the sentencing judge sentenced Luckett to a term twice that allowed by § 41-29-139(c)(1)(B), yet within the parameters of the subsequent offender statute, § 41-29-147, his sentence was authorized by state law. Because his sentence was consistent with state law, and he has failed to demonstrate in what manner his sentence violates federal constitutional law, this ground does not form the basis of habeas relief.

### B. Ground Two

In Petitioner's second ground for relief, he argues that the Mississippi Supreme Court erred when it rejected his right to be tried by a charge handed down by the grand jury. An examination of his argument shows that in this ground the Petitioner presents a variation on the theme of his first ground for relief; that is, he argues once again that 0.9 grams is less than 0.1 grams, therefore, he was not properly charged and tried under the statute. Because he asserts that the amount of cocaine for which he was tried did not fall within the statute with which he was charged, he concludes that he was "never tried on the principle allegations handed down by the grand jury in its indictment," and "instead Petitioner was tried and convicted on evidence that never went before the grand jury, nor was ever a part of its deliberation process." (Petition, Docket No. 1 at 6.) He further argues that he had a "constitutionally protected right to be tried pursuant to the evidence and information deliberated on by the grand jury that indicted him." (Id.)

The State responds that this claim has never been properly raised before the state's highest court. The State asserts that, because Luckett failed to give the state a fair opportunity to consider this argument, this claim is procedurally barred from federal review under Sones v.

Hargett, 61 F.3d 410, 416 (5th Cir. 1995), and should be dismissed with prejudice. The State asserts, furthermore, that Luckett cannot demonstrate cause for default and actual prejudice because no external impediment existed to prevent him from raising and discussing this claim as a ground for relief in either his direct or collateral appeals. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Moreover, the State argues that no "fundamental miscarriage of justice" will result if this Court does not consider his claim. Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

While Luckett presented a variation of this argument in his petition for post-conviction relief when he argued that his counsel was ineffective for his failure to object on this basis, he has failed to present the substance of this specific argument to the Mississippi Courts on direct or collateral appeal.[2] Accordingly, this claim cannot be adjudicated by this court. See Sones v. Hargett, 61 F.3d 410, 415-416 (5th Cir. 1995). Petitioner has never presented this claim to the state court, and no relief would now be available because the three-year limitations period for post-conviction relief set forth in Miss. Code Ann. § 99-39-5(2) has run. A federal court may not review the merits of a procedurally-barred claim absent a showing either of cause for the default and actual prejudice or that failure to address the claim would result in a miscarriage of justice. Id. Petitioner has made no such showing. Moreover, Petitioner presents an argument based upon his erroneous assumption that 0.9 grams is less than 0.1 grams. Regardless of its procedural status, this argument is frivolous because it is mathematically incorrect. See Sones, 61 F.3d at

---

[2]Indeed, because he presented a variation of this argument to the Mississippi Courts as a part of his ineffective assistance of counsel claim, it follows that he was capable of presenting the substance of the argument as an independent basis for relief, separate and apart from the ineffective assistance of counsel argument.

415 n.5 (noting that when the record "flatly" contradicts an allegation that is the basis of a petitioner's claim for relief, the claim, regardless of its procedural status, is frivolous.). Accordingly, this claim does not form the basis of habeas relief.

### C. Ground Three

In his third ground for relief, the Petitioner argues that the Mississippi Supreme Court erred when it rejected his insufficiency of evidence and/or chain of custody claim, thus denying him his right to due process of law. Once again, as a part of this argument, the Petitioner asserts that because he believes that 0.9 grams is less than 0.1 grams, he was not charged properly, and the grand jury's indictment is invalid.

The State responds that because this claim was considered and denied on the merits by the Mississippi Supreme Court either on direct appeal or post-conviction collateral review, habeas relief cannot be granted with respect to this claim. The State asserts that, consistent with § 2254(d)(1), the Mississippi Supreme Court's rejection of this claim was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. The State argues, furthermore, that pursuant to § 2254(d)(2) the Mississippi Supreme Court's decision was not based upon an unreasonable determination of the facts in the light of the evidence.

The undersigned agrees with the State on this issue and finds that this ground does not form the basis of habeas relief. As explained previously in this Report and Recommendation, the Court must evaluate this ground pursuant to the guidance set forth by <u>Williams v. Taylor</u>: a habeas petitioner must show that the state court decision was either "contrary to" federal law or an "unreasonable application" of it. Moreover, with regard to a challenge to the facts as found by

the state court, the presumption of correctness of factual findings must be rebutted by clear and convincing evidence. Miller v. Johnson, 200 F.3d 274, 281 (5th Cir. 2000). Petitioner makes only a bare, vague argument[3] regarding the chain of custody and focuses once again upon his erroneous assumption that the amount of cocaine with which he was charged did not fall within the parameters of the charging statute. These barest of arguments fail to demonstrate that the state court decision was either "contrary to" or an "unreasonable application of" federal law as determined by the United States Supreme Court. Moreover, the Petitioner fails to present any evidence, much less clear and convincing evidence, that the amount of cocaine as measured by the state crime lab weighed anything other than 0.9 grams. Accordingly, this ground does not form the basis of habeas relief.

### D. Ground Four

In his final argument for relief, the Petitioner argues that the Mississippi Supreme Court erred in rejecting his ineffective assistance of counsel claim. In particular, Luckett argues that his counsel failed to pursue Luckett's argument that 0.9 grams is less than 0.1 grams, as discussed in detail in the above sections of this Report and Recommendation. The State responds that Luckett's counsel's performance did not fall below the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), because this argument is meritless and contrary to "all known laws of mathematics." (Answer, Docket No. 7 at 13.)

---

[3]Petitioner's "chain of custody" argument simply alleges that because the crime lab found that the cocaine weighed 0.9 grams, it must be in error. See Petition, Docket No. 1 at 7 ("The Mississippi crime lab in its analysis of the alleged substance that was brought to them for their analysis, weighed only 0.9 grams [T. 111], essentially less than one-tenth or more that was hand down in the indictment brought against petitioner by the grand jury. Thus, the taint of custody and insufficiency is clear.")

In order to prevail on a claim for ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Supreme Court held that before post-conviction relief can be granted for ineffective assistance of counsel, the petitioner must establish (1) that counsel's performance was deficient in that it fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different. Strickland, 466 U.S. at 687, 688. A petitioner's failure to establish both prongs of the Strickland test warrants rejection of his claims. Moreover, perceived improprieties do not warrant habeas corpus relief. Turner v. Johnson, 106 F.3d 1178, 1188 (5th Cir. 1997).

Luckett's claim of ineffective assistance of counsel falls squarely within the category of perceived improprieties. Luckett's trial counsel cannot be faulted for failing to make an argument that violates the rules of mathematics. Simply put, because 0.9 grams is greater than 0.1 grams, and 0.9 grams is less than 2 grams, his counsel was not deficient for failing to make this argument, nor is there a reasonable probability that the outcome of the trial was undermined and the result would have been different if he had made this argument. Failure to object to what is unobjectionable does not reveal ineffectiveness of counsel under the relevant standard. Strickland, 466 U.S. at 700. Accordingly, this ground does not form the basis for habeas relief.

## CONCLUSION

Accordingly, for the reasons stated above, the Petition should be denied, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 27th day of July, 2010.

      /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE